NO. 07-03-0510-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 17, 2004

_____

EX PARTE BALDOMARO GONZALES ORTEGON
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15165-0310; HON. ED SELF, PRESIDING

_____

Before QUINN and CAMPBELL, JJ., and BOYD, S.J.[1]

This is an appeal from a trial court denial of habeas corpus relief. The case underlying the application for habeas corpus is appellant's conviction, after a guilty plea, of the misdemeanor offense of driving while intoxicated (DWI) in Hale County. In challenging the denial of the release sought, appellant asserts that the county court reversibly erred in accepting his guilty plea and approving his plea bargain with the State because the county judge denied him appointed counsel after he had initially asked for such appointment and made a *prima facie* showing of his indigence. In denying him appointed counsel, appellant urges the trial court violated article 26.04 of the Code of

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

Criminal Procedure, as well as the Sixth Amendment to the Federal Constitution and denied him a fair trial by forcing him to enter the guilty plea which resulted in the misdemeanor conviction DWI.

As a result of the guilty plea, and on November 27, 2002, appellant was found guilty and, in compliance with a plea bargain, the county judge assessed his punishment at a one year jail sentence, suspended for two years under community supervision, and a $750 fine. On May 9, 2003, his community supervision probation was revoked and he was ordered to serve one year's confinement in the Hale County jail. On October 2, 2003, appellant filed the habeas corpus proceeding denied by the 242nd District Court, thus giving rise to this appeal. For reasons hereinafter stated, we affirm the judgment of the trial court.

The record reveals that subsequent to his November 18, 2002 arrest for driving while intoxicated, appellant filed an indigency application seeking appointment of an attorney. In the affidavit, he stated that he was self employed and had a gross income of $200 per month. He also owned a vacant building located on the main street of Petersburg which he estimated was worth $5,000, as well as a 1978 Cadillac automobile with an estimated value of $5,000. Appellant estimated his monthly expenses at $1,341 per month, which included $150 per week gasoline expenses and $400 telephone expense. On November 18, 2002, without a hearing, and based upon his affidavit, his request for appointment of an attorney was refused by the county judge.

However, at the November 27, 2002 trial on the merits of the DWI case, appellant executed a written waiver of legal counsel and a request to be allowed to waive a jury trial

2

and to enter a guilty plea. The case proceeded to trial on that day and resulted in the county judge honoring his plea bargain with the State and assessing his punishment as we stated above.

At the hearing on his habeas corpus application, appellant averred that at the time of his trial on the merits, he again requested the appointment of an attorney, which was refused, and in response to questioning by the judge, told him that his financial situation had not changed, and he wished to have an attorney appointed. He testified to the colloquy with the judge: ". . . it was about me guilty or not guilty, and I said I pled guilty, you know. That's all I can do, you know. I ain't got no defense." Appellant said he pled guilty because he could not afford an attorney and he felt he had no other choice. If he had been appointed one, he averred he would have pled not guilty and gone to trial but, without one, he had no other choice but to enter the plea.

Under cross-examination, he denied that the waiver of attorney was explained to him. He admitted that he signed the instrument indicating he could read, write and understood the English language but, in explanation, he said: "Well, I can understand it not too good. I read it, but I can't –like when I read it, I don't know what I read, you know." He also admitted he did not tell the county judge he wanted a continuation so he would have more time to try to sell his Petersburg property. He admitted that he had never listed his Petersburg property for sale and had only placed a "for sale" sign on it. He also admitted that if he was able to sell his car and his property, he would have had $6,200 at his disposal and that if he kept the car, he would have $5,200. He did not know how much his wife spent on food each month. When queried about his monthly phone bill estimate

3

in his affidavit, he averred that he had lost his phone but, before he did so, his bill ran from $400 to $600 per month because "the farm would be calling me." He had no records to verify his gasoline expense and admitted that the figure of $150 per week was an estimate. He also admitted that his income was seasonal and at the time of the execution of his affidavit, it was a slack time of the year.

Appellant further admitted that in March of 2003, he had received another felony DWI charge in Lubbock County and the authorities were using the charge here to enhance that charge to felony grade and he did not want that to happen. He had not raised the lack of counsel challenge to the instant offense until after the Lubbock County charge was made.

The State does not contest that appellant had a legal right to counsel at the trial of this offense and that if he was not financially able to employ counsel, he was entitled to the appointment of such counsel. *See Alabama v. Shelton*, 535 U.S. 654, 662, 122 S.Ct. 1764, 1770, 152 L.Ed.2d 188 (2002); *Scott v. Illinois*, 440 U.S. 367, 373-74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979); Tex. Code Crim. Proc. Ann. art 1.051(b) & (c) (Vernon Supp. 2004). However, it contends that under this record, appellant did not show that he was "not financially able to employ counsel" within the purview of article 1.051(b) of the Code of Criminal Procedure.

Subsequent to the habeas hearing, the trial judge entered his findings of fact and conclusions of law. In findings of fact relevant to this discussion, he found that after appellant had been notified prior to the trial that no attorney would be appointed, at the

trial, he did not ask for a hearing on the refusal, nor did he otherwise complain of the refusal. He also found that at the trial on the merits, appellant appeared and reached a plea bargain with the prosecutor. Appellant signed a written waiver of lawyer form in which he certified that he could read the English language, that he had the right to have a lawyer, but that he did not want the court to appoint a lawyer. On the same day, the trial court honored the plea bargain, which resulted in appellant being placed on probation for a period of two years. The court also found that appellant continued on probation until March 2, 2003, when appellant was again arrested for DWI. That DWI offense was charged as a felony because of two prior convictions of DWI, one of which was the Hale County conviction discussed here. The habeas judge also found that appellant made no complaint that he did not intelligently and voluntarily waive his right to counsel in the Hale County case prior to the March 2, 2003 arrest. He further found that there were no coercive circumstances present surrounding appellant's waiver. Based upon its fact findings, the habeas court concluded that appellant had knowingly and voluntarily waived his right to counsel in the Hale County DWI case and that he was lawfully confined.

As appellant recognizes, whether an accused is indigent depends upon the facts of each individual case. *See Ex parte Bain*, 568 S.W.2d 356, 361 (Tex. Crim. App. 1978). At the habeas hearing, the judge was the trier of fact and we are not at liberty to disturb any finding that is supported by the record. *Dewberry v. State*, 4 S.W.3d 735, 747-48 (Tex. Crim. App. 1999), *cert. denied,* 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). Under the facts adduced in the affidavit, we cannot say that the habeas judge abused his discretion in concluding that under the facts set out in the affidavit, appellant had not

5

shown the lack of assets and due diligence to raise money to hire counsel through the mortgaging, sale, or other use of those assets. Moreover, also under this record, we cannot say the habeas judge abused his discretion in finding the record sufficient to justify a conclusion that appellant knowingly, intelligently, and voluntarily waived his right to counsel at the trial on the merits and there were no coercive circumstances present surrounding that waiver.

Accordingly, appellant's issue is overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

6